**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **KAREN LESLIE,** | Civil Case Number: |
| **Plaintiff,** | |
| **-v-** | **CIVIL ACTION** |
| **TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND ELAN FINANCIAL SERVICES,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## INTRODUCTION

1. Plaintiff, KAREN LESLIE, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Defendant ELAN FINANCIAL SERVICES has negligently and recklessly disseminated false information and/or misleading information regarding the Plaintiff's credit to the national credit reporting agencies.

2. Plaintiff further alleges that the two of the three major consumer reporting agencies, Trans Union, LLC (Trans Union) and Experian Information Solutions, Inc. (Experian) have negligently and recklessly disseminated false and/or misleading information regarding the Plaintiff's credit.

3. Plaintiff further alleges that Trans Union and Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and

declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5.  The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Connecticut and violated Plaintiff's rights under the FCRA in the state of Connecticut as alleged more fully below.

6.  Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7.  Plaintiff, Karen Leslie ("Plaintiff"), is a resident of Griswold, Connecticut and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.  Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9.  Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10. Defendant Trans Union is also one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Trans Union is a "consumer reporting

agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Trans Union is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

12. Elan Financial Services is a major credit card company with its headquarters in Minneapolis, Minnesota 55402-7000.

## FACTUAL ALLEGATIONS

13. In late 2022, Plaintiff agreed to co-sign an account with Charter Oak Federal Credit Union ("Charter") with her daughter ("Julie").

14. Julie, residing in the United Kingdom at the time, made all of her regular payments timely online.

15. In July of 2023, Julie attempted to make her regular monthly payment online but was unsuccessful.

16. Julie later received an email from Charter notifying its customers that its website was experiencing issues causing an outage in their payment processing system.

17. Julie also attempted to access the Charter's application ("the app") using her account number, however, the app was unable to recognize the account number provided.

18. On July 21, 2023, Charter sent an email to Julia notifying her that due to the outage Charter was waiving all late fees through August 31, 2023.

19. Shortly thereafter, Plaintiff and her daughter were notified that the reason she was unable to make the payments on the app was due to the fact that Charter teamed up with Defendant

Elan Financial, resulting in her account number being changed.

20. Upon being notified, Plaintiff called Elan Financial to make payment in full. During that call Plaintiff was notified that due to the issue related to her account number she would not be issued a late fee, nor would any negative report be put on her credit file.

21. In October of 2023 Plaintiff, who was planning on applying for credit, reviewed her Experian, Equifax, and Trans Union credit reports.

22. Plaintiff noticed that despite being told the contrary, Elan Financial was reporting her as 30 days late in August of 2023 on her Experian and Trans Union report.

23. Plaintiff was understandably shocked as this ran contrary to what was told to her and was clearly misleading.

24. Accordingly, on or about February 08, 2022, Plaintiff sent dispute letters to Trans Union and Experian (together the "CRAs") via certified mail.

25. Additionally, Plaintiff sent three other disputes to Experian on February 22, 2024, March 08, 2024, and May 03, 2024.

26. In each of those disputes, Plaintiff specifically advised the CRAs of the inaccurate reporting and requested that the incorrect information be updated.

27. Upon information and belief, Elan Financial received copies of these disputes directly from the CRAs.

28. Within 30 days of receipt of the Plaintiff's disputes, the Defendants were required to investigate the disputed information and provide the Plaintiff with the results of their investigation.

29. Despite receipt of these letters, the CRAs and Elan Financial have continued to verify and report the inaccurate balance on his credit reports.

-4-

30. Defendants' failure to remove clearly inaccurate information is evidence of their failure to conduct a reasonable investigation upon receipt of Plaintiff's multiple disputes.

31. At all times pertinent hereto, Defendants' conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

32. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has been harmed in her daily life.

33. Defendants' violations of the FCRA accordingly caused the Plaintiff great distress, annoyance and frustration in his daily life.

34. Defendant Trans Union received Plaintiff's dispute letter on February 20, 2024.

35. However, Trans Union failed to do an adequate investigation of the Plaintiff's dispute and continues to report the Plaintiff 's account as being 30 days late in August.

36. Defendant Experian received Plaintiff's dispute letters on February 13, 2024, February 27, 2024, and March 20, 2024.

37. However, Experian also failed to do an adequate investigation of the Plaintiff's dispute and continues to report the Plaintiff 's account as being 30 days late in August.

38. In fact, Plaintiff received a response from both Trans Union and Experian stating that it had 'verified' that the disputed item has been reported correctly.

39. Upon information and belief, Trans Union and Experian each relayed the Plaintiff's disputes to Elan Financial, but Elan Financial refused to investigate, correct or delete this inaccurate information.

40. At all times pertinent hereto, the three CRAs conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e(b) of the FCRA.

41. At all times pertinent hereto, Elan Financial's conduct was similarly willful, and carried

out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

42.   As a direct and proximate result of the Defendants' willful and/or negligent refusal to assure maximum accuracy of Plaintiff's credit reports as mandated by the FCRA, Plaintiff has been harmed in her daily life.  For example, the Plaintiff's credit scores dropped severely because of this inaccurate reporting, and the Plaintiff has been unable to get credit on favorable terms as a result of the Defendants' inaccurate reporting, causing the Plaintiff to sustain monetary damages.  Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15  U.S.C. § 1681i**
**AGAINST EXPERIAN**

43. All preceding paragraphs are realleged.

44. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

45. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

46. In February of 2024, the Plaintiff initiated a dispute with Experian requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him.

47. Experian received the Plaintiff's dispute letters, as evidenced by the certified mail tracking number in the Plaintiff's possession.

48. However, Experian never adequately investigated the Plaintiff's disputes, as required by the

FCRA.

49. Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

50. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

<u>COUNT II</u>
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

51. All preceding paragraphs are realleged.

52. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

53. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Discover Bank account information being reported on the Plaintiff's credit report.

54. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff have been harmed, as explained above.

<u>COUNT III</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANS UNION**

55. All preceding paragraphs are realleged.

56. At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

57. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

58. In February of 2024, the Plaintiff initiated a dispute with Trans Union requesting that they correct these specific items in his credit file that were patently inaccurate and damaging to him.

59. Trans Union received this dispute, as evidenced by the certified mail tracking number in the Plaintiff's possession.

60. Trans Union, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

61. As a direct and proximate result of Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT IV**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST TRANS UNION**

62. All preceding paragraphs are realleged.

63. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

64. Were Trans Union to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Discover Bank account information being reported on the Plaintiff's credit reports.

65. As a direct and proximate result of Trans Union's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT VII**
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 USC § 1681s-2(b)**
**AGAINST ELAN FINANCIAL SERVICES**

66.   All preceding paragraphs are re-alleged.

67. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

68. In February of 2024, Plaintiff initiated disputes with the three consumer reporting agencies disputing the accuracy of the account being reported by ELAN FINANCIAL.

69. Upon information and belief, ELAN FINANCIAL received notice of these disputes from the consumer reporting agencies.

70. ELAN FINANCIAL was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

71. ELAN FINANCIAL failed to reasonably investigate Plaintiff's dispute. Indeed, ELAN FINANCIAL could easily have checked its records and seen that it agreed not to report any late payments in August of 2023.

72. Even after the Plaintiff properly disputed the accuracy of this account with Experian and Trans Union, ELAN FINANCIAL refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff was late.

73. ELAN FINANCIAL's conduct violated section 1681s-2(b) of the FCRA.

74. As a result of ELAN FINANCIAL's conduct, Plaintiff was harmed, as discussed above.

## <u>DEMAND FOR TRIAL BY JURY</u>

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A.  Awarding Plaintiff actual damages;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest;

F.  A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G.  Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.


Dated: October 14, 2024

By:    <u>/s/ Yitzchak Zelman</u>
       Yitzchak Zelman, Esq.
       Marcus & Zelman, LLC
       701 Cookman Avenue, Suite 300
       Asbury Park, New Jersey 07712
       Phone: (732) 695-3282
       Email: YZelman@MarcusZelman.com
       Attorney for Plaintiff